CAMILO DOMÍNGUEZ & CÍA., Plaintiff and Appellee, *v.* SECRETARY OF THE TREASURY, Defendant and Appellant.

No. R-65-144.   Decided February 23, 1967.

*J. B. Fernández Badillo*, Solicitor General, and *Irene Curbelo*, *Assistant Solicitor General*, for appellant. *Juan Nevárez Santiago* for appellee.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

PER CURIAM: On October 22, 1956, Camilo Domínguez & Cía. claimed from the Secretary of the Treasury the reimbursement of excise taxes in the amount of $44,861.73 and $9,419.32 paid during the four preceding years on silverplated articles, consisting of dinner and tableware, which articles were not subject to excise taxes, pursuant to our ruling in *Empress Sterling Co.* v. *Sec. of the Treas.*, 79 P.R.R. 405 (1956).

The aforesaid officer sustained both claims up to the sums of $28,233.21 and $7,226.64, but withheld 80% of said amount in accordance with the Unfair Profiteering Act (13 L.P.R.A. § 2231 *et seq.*). The record shows that, although appellee was given ample opportunity to offer evidence showing that the excise tax paid was not transferred to the consumers as required by said Act, in fact it never presented such evidence.

The trial court agreed with appellee's position, and to that effect it decided that in this case the Secretary of

the Treasury imposed, on his own account, a tax not authorized by law; that the collection not being an excise tax, it is inconceivable to permit said officer to extend the Unfair Profiteering Act to cover his own personal action; that the reimbursement or refund of excise taxes to the taxpayer to which the Unfair Profiteering Act refers, stands on the premise that it involves a lawful excise tax fixed by law, in the collection of which the Secretary of the Treasury has committed one of three faults, that is, that he has unduly or unlawfully collected them, or in excess of the amount due; that in this case the articles on which the Secretary of the Treasury collected excises were exempt from said payment; that such action was not permitted by law, but on the contrary, it was prohibited by law, for which reason there could be no transfer of excises to the consumer nor any right on the part of the government to withhold 80% of the amount thus collected, since it was not a question of excise taxes. By virtue thereof, the trial court sustained the complaint and ordered that the Secretary of the Treasury reimburse appellee the amounts previously indicated and interest from February 4, 1958.

The trial court committed error, since its decision is based on the false and unreal premise that the sums collected by the Secretary of the Treasury, the reimbursement of which is requested by appellee, are not excise taxes. As the trial judge states, the Secretary of the Treasury can only collect the taxes fixed by law, one of which is excises. In this case excises were collected from appellee on certain objects, dinner and tableware, because they are "articles . . . covered with . . . precious metals or imitation thereof," pursuant to the provisions of § 8 of the former Internal Revenue Law, Act No. 111 of 1949 (13 L.P.R.A. § 968 *et seq.*). This collection was made during four years without objection or challenge until in *Empress Sterling Co., supra,* we held that the articles in question were not subject to excise taxes.

The Secretary of the Treasury required the payment of said taxes and the merchants, appellee inclusive, paid them consistently. Therefore, we are constrained to conclude that as a result of our ruling in *Empress Sterling Co., supra,* the aforesaid excises previously paid to the Secretary of the Treasury were excises collected unlawfully by the latter. Considering that, as a matter of fact, the merchants in cases like the present take into consideration the amounts paid for excise taxes upon fixing the price of the taxed goods, the Legislature deemed it fair, in the cases of excise taxes unduly or unlawfully collected, or in excess of the amount due, and in view of the impossibility to identify each purchaser of the articles on which the excise was unlawfully collected for the purposes of reimbursing it to him, to permit the merchants to enjoy the profit of 20% of the reimbursement and to withhold the rest for the benefit of all the taxpayers, providing, however, that the balance would be reimbursed to those merchants who were able to show that they did not pass the economic burden of the excise tax to the consumer. The Unfair Profiteering Act (13 L.P.R.A. §§ 2231–2240)[1] was approved for those purposes.

---

[1] (a) In § 3 of this Act it is provided, in part, that:

"For the purposes of this chapter, 'unfair profiteering' shall be understood to be the net income derived or which may be derived from the crediting or reimbursement of excises (including taxes under the Beverages Act, subtitle 7 of this title) collected by the Secretary of the Treasury of Puerto Rico illegally or unduly, or in excess of the correct amount, whenever the person to whom said credit or reimbursement was made or may be made passes said excises to another person through the sale or transfer of the articles taxed, either by including the excises in the selling or transfer price, and as a part thereof, or otherwise; Provided, That it shall be presumed that the taxpayer has passed the excises to another person in such amount as may result to be the difference between the selling price of the articles subject to taxation which may be or may have been the object of credit or reimbursement, and the sum (1) of the cost thereof and (2) of the average profit of the amount in question."

(b) In § 8 of the aforesaid Act, it is provided, in part, that:

". . . To such end, the Secretary of the Treasury of Puerto Rico is hereby authorized to deduct and withhold from the credit or reimburse-

We do not find merit in appellee's assignment to the effect that the application of the Act just cited to the circumstances of this case renders it unconstitutional, since it parts also from the false premise that what was collected in this case is not an excise tax unlawfully collected.

■ It appears from the record that appellee offered proof that it had not passed the tax burden in question to its customers and that appellant objected because appellee never answered an interrogatory. In view of the fact that this question was left pending since the trial court did not consider it but proceeded to decide the case on the merits in the manner previously indicated, the same is remanded to said court in order that the latter may consider the aforesaid question and in view of the evidence which appellee presents and which may be admitted, decide whether or not appellee definitively passed to its customers all or any part of the excise tax in question.

Therefore, the judgment rendered in this case by the Superior Court, San Juan Part, on June 22, 1965, will be reversed and the case remanded to the trial court for further proceedings consistent with this opinion.

---

ment warrant to be issued by him in favor of the taxpayer, eighty (80) per cent of the whole or part of the amount to be credited or reimbursed and which in the judgment of the Secretary of the Treasury constitutes unfair profiteering, until the taxpayer, through an application for reimbursement made under the law, shows to the satisfaction of the Secretary of the Treasury, that the whole or part of the tax withheld does not constitute unfair profiteering, in which case the Secretary of the Treasury shall accredit or reimburse to the taxpayer, as tax unlawfully or unduly paid, the amount improperly withheld."

—O—

ORDER

San Juan, Puerto Rico, June 21, 1967

In view of the need of making several corrections in the recital of facts of the per curiam decision in this case, the same are made so as to read as follows:

"IN THE SUPREME COURT OF PUERTO RICO

"Camilo Domínguez & Cía., Inc.,
    Plaintiff-appellee
        v.               R-65-144               Review
Secretary of the Treasury,
    Defendant-appellant

"Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

"San Juan, Puerto Rico, February 23, 1967

"PER CURIAM: On October 22, 1956, Camilo Domínguez & Cía., Inc., claimed from the Secretary of the Treasury the reimbursement of excise taxes in the amount of $44,861.73 paid during the four years preceding the claim on silver-plated articles, consisting of dinner and tableware, and on February 4, 1958 it claimed from the Secretary of the Treasury the reimbursement of excise taxes paid likewise during the two years preceding the claim. Said articles were not subject to excise taxes pursuant to our ruling in *Empress Sterling Co.* v. *Sec. of the Treas.*, 79 P.R.R. 405 (1956).

"The aforesaid officer sustained both claims up to the sums of $28,233.21 and $7,226.64 but withheld 80% of said amount in accordance with the Unfair Profiteering Act (13 L.P.R.A. § 2231 *et seq.*). The record shows that, although appellee was given ample opportunity to offer evidence showing that the excise tax paid was not transferred to the consumers as required by said Act, in fact it never presented such evidence.

■ "The trial court agreed with appellee's position, and to that effect it decided that in this case the Secretary of the Treasury imposed, on his own account, a tax not authorized by

law; that the collection not being an excise tax it is inconceivable to permit said officer to extend the Unfair Profiteering Act to cover his own personal action; that the reimbursement or refund of excise taxes to the taxpayer to which the Unfair Profiteering Act refers stands on the premise that it involves a lawful excise tax fixed by law, in the collection of which the Secretary of the Treasury has committed one of three faults, that is, that he has unduly or unlawfully collected them, or in excess of the amount due; that in this case the articles on which the Secretary of the Treasury collected excises were exempt from said payment; that such action was not permitted by law, but on the contrary, it was prohibited by law, for which reason there could be no transfer of excises to the consumer nor any right on the part of the government to withhold 80% of the amount thus collected since it was not a question of excise taxes. By virtue thereof, the trial court sustained the complaint and ordered that the Secretary of the Treasury reimburse appellee the amounts of $22,586.56 and $5,781.31 and interest as of the date of the claims.

"The trial court committed error, since its decision is based on the false and unreal premise that the sums collected by the Secretary of the Treasury, the reimbursement of which is requested by appellee, are not excise taxes. As the trial judge states the Secretary of the Treasury can only collect the taxes fixed by law, one of which is excises. In this case excises were collected from appellee on certain objects, dinner and tableware, because they are 'articles . . . covered with . . . precious metals or imitation thereof', pursuant to the provisions of §§ 8 and 16 of the former Internal Revenue Law. (13 L.P.R.A. § 968 and 1057.)[1] This collection was made without objection or challenge until in *Empress Sterling Co., supra,* we held that the articles in question were not subject to excise taxes. The Secretary of the Treasury required the payment of said taxes and the merchants, appellee inclusive, paid them consistently. Therefore, we are constrained to conclude that as a result of our ruling in *Empress Sterling Co., supra,* the afore-

---

[1] "This law was repealed by the Excise Act of Puerto Rico on articles of use and consumption, approved on January 20, 1956 (13 L.P.R.A. §§ 4001–4095). Provisions similar to §§ 8 and 16 of the former Internal Revenue Law are found in 13 L.P.R.A. §§ 4010 and 4017.

said excises previously paid to the Secretary of the Treasury were excises collected unlawfully by the latter. Considering that, as a matter of fact, the merchants in cases like the present take into consideration the amounts paid for excise taxes upon fixing the price of the taxed goods, the Legislature deemed it fair, in the cases of excise taxes unduly or unlawfully collected, or in excess of the amount due, and in view of the impossibility to identify each purchaser of the articles on which the excise was unlawfully collected for the purposes of reimbursing it to him, to permit the merchants to enjoy the profit of 20% of the reimbursement and to withhold the rest for the benefit of all the taxpayers, providing, however, that the balance would be reimbursed to those merchants who were able to show that they did not pass the economic burden of the excise tax to the consumer. The Unfair Profiteering Act (13 L.P.R.A. §§ 2231–2240)[2] was approved for those purposes.

---

[2] "(a) In § 3 of this Act it is provided in part that:

'For the purposes of this chapter, "unfair profiteering" shall be understood to be the net income derived or which may be derived from the crediting or reimbursement of excises (including taxes under the Beverages Act, subtitle 7 of this title) collected by the Secretary of the Treasury of Puerto Rico illegally or unduly, or in excess of the correct amount, whenever the person to whom said credit or reimbursement was made or may be made passes said excises to another person through the sale or transfer of the articles taxed, either by including the excises in the selling or transfer price, and as a part thereof, or otherwise; Provided, That it shall be presumed that the taxpayer has passed the excises to another person in such amount as may result to be the difference between the selling price of the articles subject to taxation which may be or may have been the object of credit or reimbursement, and the sum (1) of the cost thereof and (2) of the average profit of the amount in question.'

"(b) In § 8 of the aforesaid Act, it is provided in part that:

'. . . To such end, the Secretary of the Treasury of Puerto Rico is hereby authorized to deduct and withhold from the credit or reimbursement warrant to be issued by him in favor of the taxpayer, eighty (80) per cent of the whole or part of the amount to be credited or reimbursed and which in the judgment of the Secretary of the Treasury constitutes unfair profiteering, until the taxpayer, through an application for reimbursement made under the law, shows to the satisfaction of the Secretary of the Treasury that the whole or part of the tax withheld does not constitute unfair profiteering, in which case the Secretary of the Treasury shall accredit or reimburse to the taxpayer, as tax unlawfully or unduly paid, the amount improperly withheld.' "

"We do not find merit in appellee's assignment to the effect that the application of the Act just cited to the circumstances of this case renders it unconstitutional since it parts also from the false premise that what was collected in this case is not an excise tax unlawfully collected.

"It appears from the record that appellee offered proof that it had not passed the tax burden in question to its customers and that appellant objected because appellee never answered an interrogatory. In view of the fact that this question was left pending since the trial court did not consider it but proceeded to decide the case on the merits in the manner previously indicated, the same is remanded to said court in order that the latter may consider the aforesaid question and in view of the evidence which appellee presents and which may be admitted, decide whether or not appellee definitively passed to its customers all or any part of the excise tax in question.

"Therefore, the judgment rendered in this case by the Superior Court, San Juan Part, on June 22, 1965, will be reversed and the case remanded to the trial court for further proceedings consistent with this opinion."

It was so agreed by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s) JOAQUÍN BERRÍOS
*Secretary*